UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR T. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:17-cv-996-CDP |
| | ) |
| DR. UNKNOWN BRADSHAW, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Arthur T. Reed's motion for reconsideration of this Court's March 22, 2017 order denying him leave to proceed *in forma pauperis* on the basis of 28 U.S.C. § 1915(g).  The motion will be denied.

### Procedural History

Plaintiff filed his complaint on March 20, 2017, naming as defendant Dr. Unknown Bradshaw, a dentist.  Therein, he alleged that defendant waited too long to prescribe antibiotics and extract certain teeth.  Plaintiff alleged that, during the delay, he suffered pain and other forms of distress.  He also alleged that the delay "could have" caused other serious health issues. (Docket No. 1 at 20).  Plaintiff sought a total of $150,000 in "actual damages" "to compensate Plaintiff for his mental and emotional injuries, pain, suffering, and lost [*sic*]."  (*Id.* at 21).  He also sought a total of $125,000 in punitive damages "to punish and deter the Defendant from repetitive conduct and blant [*sic*] disregard for Plaintiff's constitutional and statutory rights," and he sought to recover fees and costs.  (*Id.*)  Nowhere in the complaint did plaintiff allege that he had any presently occurring dental or medical issues, nor did he seek to compel defendant to provide care for any current problem.  Instead, plaintiff alleged, and sought monetary damages

for, past harm only.

In the order denying plaintiff's motion for leave to proceed *in forma pauperis*, the Court cited 28 U.S.C. § 1915(g) and the provisions thereof, and noted that plaintiff had "three strikes." The Court carefully reviewed the complaint, and concluded that it contained no allegations tending to show that plaintiff was under imminent danger of serious physical injury. The Court denied plaintiff leave to proceed *in forma pauperis*, and directed him to pay the full amount of the filing fee or face dismissal of his complaint.

Plaintiff now moves for reconsideration of that order. In support, he sets forth new allegations of ongoing dental issues that cause constant pain and render him unable to eat and sleep, and argues that he should be allowed to proceed *in forma pauperis* under § 1915(g)'s imminent danger exception.

### Discussion

The Prisoner Litigation Reform Act provides, in relevant detail:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added).

As noted above, the complaint solely alleged past harm. It therefore contained nothing sufficient to trigger § 1915(g)'s imminent danger exception. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (allegations that the prisoner may have faced imminent danger in the past are insufficient to trigger the imminent danger exception to § 1915(g)).

Plaintiff's new allegations of ongoing dental issues cannot constitute credible claims that he is under imminent danger of serious physical injury. A prisoner seeking to file under §

2

1915(g)'s imminent danger exception "is only eligible to proceed IFP if he is in imminent danger at the time of filing." *Id.*; *see also Martin v. Shelton*, 319 F.3d 1048, 1050–51 (8th Cir. 2003) (requisite imminent danger of serious physical injury must exist at time complaint or appeal is filed). Other circuits to have addressed the issue have concluded that § 1915(g)'s use of the present tense means that the prisoner must have set forth allegations amounting to imminent danger at the time he filed the complaint or appeal. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053–54 (9th Cir. 2007); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002); *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (*en banc*); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (*per curiam*).

Plaintiff will not be permitted to proceed *in forma pauperis* in this case. This does not preclude plaintiff from proceeding with this case after paying the filing fee, nor does it preclude him from filing a civil action to set forth claims that have arisen since the instant complaint was filed.

Accordingly,

**IT IS HEREBY ORDERED** that Arthur Thomas Reed's motion for reconsideration (Docket No. 5) is **DENIED**.

Dated this 5th day of April, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE