UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR T. REED, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:17 CV 996 CDP |
| DR. MARK F. BRADSHAW, DDS, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Arthur Reed, a Missouri prisoner, brings this suit under 42 U.S.C. § 1983 against prison dentist Dr. Mark Bradshaw. In August of 2016, plaintiff saw Dr. Bradshaw for treatment of severe periodontal disease in two of his teeth and surrounding gums. Dr. Bradshaw extracted the teeth in November of 2016. Plaintiff alleges that this delay was unreasonable and amounted to deliberate indifference to his serious medical needs, thus subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. He also argues that part of the delay was retaliation for his filing a prison grievance complaining about Dr. Bradshaw's failure to prescribe antibiotics and immediately extract the teeth when plaintiff first saw him.

Plaintiff disputes defendant's version of many of the facts surrounding their interactions, but the facts material to plaintiff's claim are not actually disputed. Those undisputed material facts show that nothing Dr. Bradshaw did could be considered deliberately indifferent to plaintiff's serious needs. The almost three month delay between the initial visit and the ultimate extraction was not so unreasonable under all the circumstances that it could be considered deliberate indifference. And plaintiff's statement that Dr. Bradshaw refused to talk to him one day on the prison grounds because of the grievance is not sufficient evidence to support a claim of retaliation. I will grant Dr. Bradshaw's motion for summary judgment.

**Facts**

Certain facts are undisputed. Dr. Bradshaw is a dentist on staff at the Eastern Reception Diagnostic and Correction Center (ERDCC) where plaintiff is confined. Plaintiff has suffered from tooth pain since at least 2013, when a different prison dentist first advised him that his #4 tooth probably needed to be extracted. He chose not to have the extraction at that time. Plaintiff first saw Dr. Bradshaw on August 18, 2016. At that examination Dr. Bradshaw told plaintiff that both the #4 and the #15 teeth should be extracted because of decay and severe periodontal disease. Dr. Bradshaw gave plaintiff ibuprofen for pain at that time.

On August 24, plaintiff complained of severe pain and made a "self-declared emergency." He was seen by a nurse who noted his prescription for ibuprofen and noted that he told her he was scheduled for a procedure.

On August 25, plaintiff filed an Informal Resolution Request (IRR) complaining that he had not been prescribed antibiotics and stating that he needed stronger pain medication or an immediate extraction of the teeth.

The extraction had been scheduled for October 24. The parties disagree about why the extraction did not take place that day. Plaintiff says he arrived on time for the procedure and was told it would have to be rescheduled. Defendant says that plaintiff failed to appear for the appointment. The medical records mark this appointment as a "no show." Plaintiff states that he saw Dr. Bradshaw on the prison grounds a few days later and Dr. Bradshaw said he would not answer plaintiff's questions because plaintiff had filed an IRR. Dr. Bradshaw denies that this happened.

The parties agree that plaintiff was next seen for the tooth pain on November 3. The nurse who examined plaintiff noted symptoms of infection and contacted Dr. Bradshaw, who prescribed a ten-day course of Amoxicillin. The extraction was rescheduled for November 10. On November 10, Dr. Bradshaw extracted both teeth, and instructed plaintiff to continue taking ibuprofen and to finish the course

of antibiotics. Plaintiff testified at his deposition that the pain from the infection was completely gone a few days after the extraction, and by late November his teeth were not hurting at all. ECF #52-3 at p. 2. Although plaintiff had later dental complaints about other areas of his mouth, there is no evidence – medical or otherwise – that the delay in extracting the #4 and #15 teeth caused any additional issues.

## Discussion

None of the disputes of fact in this case preclude summary judgment, because none are material. The most significant dispute is whether plaintiff failed to appear for the extraction appointment on October 24 or whether the defendant canceled it. But there is no dispute that the teeth were actually extracted less than three weeks later.

Plaintiff denied many of the facts in defendant's Statement of Uncontroverted Material Facts, but almost all of those denials are either about peripheral issues that are not material to the ultimate issue in this case or are arguments, not facts. For example, defendant's statement of uncontested facts No. 16, was: "Plaintiff saw Defendant Dr. Bradshaw in the dental department on August 18, 2016, complaining that his teeth were bothering him." ECF #44 at p. 3. Plaintiff's response states:

> 16. Denied. Plaintiff objects and disputes this assertion by the defendant as a fabrication. Plaintiff asserted in his verified complaint that the defendant asked him which of his teeth were causing his pain. See Complaint, para. 3, pg. 7. Plaintiff asserted in his complaint that the defendant informed him that the infection in the #4 tooth is what was causing the bone decay in the #15 tooth and that the bone decay is what was causing the periodontal disease and this is what was causing plaintiff so much pain in the #15 tooth. Id., para. 5-6, pgs. 8- 9.
>
> a. And, that at hearing that the pharmacy was closed and that the defendant would order the plaintiff pain medication the next day instead, the plaintiff protested, and informed the defendant that he needed medication for the extreme pain immediately and the defendant went into the pharmacy and retrieved a box of Ibruprofen for plaintiff . Id., para. 7, pg. 9.
>
> b. The defendant admits that he prescribed the plaintiff Ibrufen on 8/18/16. See Ex. 8, papa. 10 pg. 3-4. Plaintiff never reported to the defendant that his teeth were bothering him. Plaintiff reported severe pain and bleeding at all times. See Ex. 6(A) at 2 and 3.

ECF #49 at p. 1-2 (typographical errors in original). Thus, although plaintiff says he is denying that he saw Dr. Bradshaw on August 18 with complaints about tooth pain, his "denial" in fact actually admits having done so and provides additional details about the visit. He makes similar "denials" to defendant's statement of uncontested facts No. 18 (that Dr. Bradshaw diagnosed him with periodontal disease in the gums by his #15 tooth, ECF #44 at p. 3), stating at great length exactly what defendant said to him, which is entirely consistent with defendant's statement of uncontested fact and with the medical records (ECF #49 at p. 3). A similar pattern appears with regard to defendant's factual statements 19, 20, 21, 23

and 27. ECF #44 p. 3-4 (defendant's statement); ECF #49 p. 3-6 (plaintiff's "denials," which include statements admitting the material facts and adding additional details). Plaintiff does not dispute the material facts about the course of his treatment. He admits that when he saw the nurse on November 3 she observed swelling on the upper right side of his gums and that Dr. Bradshaw gave a verbal order prescribing Amoxicillin to treat the infection, and that the extraction was rescheduled for November 10. He admits that on that date Dr. Bradshaw extracted the #4 tooth and #15 tooth. ECF #44 at 4; ECF #49 at 6. Except for the issue about whether he was a "no show" for the October 24 appointment, none of plaintiff's statements are inconsistent with the prison medical record. *See* ECF #44-1 (Defendant's Exh. A, Medical Record). Plaintiff's "denials" and factual details demonstrate that none of the material facts relevant to the course of treatment are in dispute.

To prove a claim that prison medical care constituted cruel and unusual punishment under the Eighth Amendment, an inmate must show both that: (1) the deprivation alleged was objectively serious; and (2) the prison official was deliberately indifferent to the inmate's health or safety. *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016). A serious medical need is either a condition that has been diagnosed by a physician and requires treatment, "or one that is so

obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). When a delay in medical treatment forms the basis of the deliberate indifference claim, the objective seriousness of the deprivation is measured by the "effect of delay in treatment." *Jackson,* 815 F.3d at 1120. This requires verifying medical evidence showing that the delay had a detrimental effect. *Id.*

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). I must view the evidence in the light most favorable to plaintiff (the nonmoving party) and accord him the benefit of all reasonable inferences. *Scott v. Harris,* 550 U.S. 372, 379 (2007). Where sufficient evidence exists to support a factual dispute, a jury must resolve the differing versions of truth at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is considered "material" if it "might affect the outcome of the suit under the governing law." *Id.*

Summary judgment is appropriate in this case because there is no evidence showing that Dr. Bradshaw was deliberately indifferent to plaintiff's serious

medical need. When Dr. Bradshaw first observed plaintiff, he correctly diagnosed plaintiff with gross decay and severe periodontal disease in his #4 tooth and #15 tooth and surrounding gums. Although plaintiff believes he should have had antibiotics when he first saw the dentist on August 18, no medical evidence supports this argument. There was no sign of infection at that time and the dentist provided ibuprophen; the extraction was scheduled for October 25. It ultimately took place on November 10. This is not an unreasonable amount of time for a non-emergency situation. It was not until November 3, 2016, that an infection was diagnosed, and the infection was then treated with antibiotics before the extraction took place. Plaintiff admitted that he was no longer in pain following the procedure.

Although plaintiff states that he was in pain while waiting for the procedure and that the delay in receiving treatment exacerbated his condition, he has not presented any medical evidence showing that the delay exacerbated his condition, as required by *Jackson*. A plaintiff cannot create a genuine dispute of material fact by "merely stating that [he] did not feel [he] received adequate treatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997). To the extent that plaintiff relies on *Boyd v. Knox*, 47 F.3d 966 (8th Cir. 1995), that case is easily distinguishable because of the obvious seriousness of the prisoner's condition. The

prison dentist in that case diagnosed a serious infection and stated that a referral to an oral surgeon was needed, but then waited three weeks to do the referral or provide any other treatment. *Id.* at 970. This case is much closer on the facts to other dental delay cases in which dentists responded to the plaintiff's complaints with ibuprophen or other treatment but the specific treatment that the prisoner wanted was delayed, and the courts found no constitutional violation. *See, e.g., Mosley v. Fatoki*, No. 4:17CV17 ERW, 2018 WL 2193647 (E.D. Mo. May 14, 2018); *Butler v. Corizon Health, Inc.*, No. 4:16CV590 AGF, 2017 WL 2935662 (E.D. Mo. July 10, 2017); *Boyd v. Knox*, *See also*, *Daniel v. Farmer ex rel. Collett,* No. 1:07CV1 SNLJ, 2009 WL 3073713, at *7 (E.D. Mo. Sept. 22, 2009)

To the extent plaintiff alleges that Dr. Bradshaw delayed his dental treatment in retaliation for his filing a grievance, the claim fails even if I assume plaintiff's version of the facts is correct. Plaintiff's evidence of retaliation is that when he saw Dr. Bradshaw on the prison grounds after the extraction was canceled in October, Dr. Bradshaw said he would not answer plaintiff's questions because he had filed a grievance. As set out above, the undisputed evidence shows that plaintiff suffered no adverse consequences from the delay between October 25 and the November extraction. Under all the circumstances, this does not constitute adverse action that would chill a person of ordinary firmness from engaging in

9

protected conduct, a necessary element of any retaliation claim under §1983. *See e.g. Revels v. Vincenz,* 382 F.3d 870, 876 (8th Cir. 2004). There is no reason to believe that delaying a non-emergency dental treatment for two weeks would chill an ordinary prisoner from filing grievances.

Accordingly,

**IT IS HEREBY ORDERED** that Dr. Mark Bradshaw's Motion for Summary Judgment [42] is granted and this action is dismissed with prejudice.

A separate Judgment in accord with this Memorandum and Order is entered this same date.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　CATHERINE D. PERRY
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2019